IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMIE SHERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-CV-939-WKW |
| | ) [WO] |
| ROBERT M. SPEER, Acting | ) |
| Secretary of the United States | ) |
| Department of the Army, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff Tommie Sherman, a former security guard at Fort Rucker, filed this suit under the Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 701 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, after he was fired from his job. He brings three claims: (1) disability discrimination under the Rehab Act; (2) retaliation for requesting a reasonable accommodation under the Rehab Act; and (3) age discrimination under the ADEA.

Defendant Robert M. Speer moved for summary judgment (Doc. # 42), and the Magistrate Judge recommended that his motion be granted (Doc. # 55). Plaintiff objected to that Recommendation (Doc. # 58), and Defendant responded to those objections (Doc. # 59).

Plaintiff has effectively conceded that summary judgment is due on his ADEA

claim. (*See* Doc. # 45, at 1; Doc. # 55, at 16.) Plaintiff also does not object to the Recommendation's conclusion that summary judgment is due on his retaliation claim.

Plaintiff's objections center on the Recommendation's conclusion that summary judgment should be granted on his disability discrimination claim. (*See* Doc. # 58.) After an independent and *de novo* review of the record, the objections, and the Recommendation, the court finds that the Recommendation is due to be adopted and Defendant's motion for summary judgment granted.

Plaintiff first objects to the Recommendation's conclusion that Plaintiff failed to timely exhaust his administrative remedies. That objection lacks merit. Plaintiff had 45 days after denial of his request for accommodation to contact the Equal Employment Opportunity Office (EEO) to "exhibit an intent to begin the EEO process." *Murphree v. Comm'r*, 644 F. App'x 962, 966 (11th Cir. 2016) (quoting *Duke v. Slater*, EEOC Dec. 01A02129, 2000 WL 732027, at *1 (E.E.O.C. May 22, 2000)). Chief Brandon denied Plaintiff's requested accommodation on September 14, 2015. The Recommendation found that Plaintiff did not contact EEO to state his intent to file a complaint until December 18, 2015, well over 45 days later. The record supports this finding. EEO's notice of accepted claims identified the date of Plaintiff's initial contact as December 18, 2015. (Doc. # 44-16, at 2.) December 18 is also the date listed in Plaintiff's initial EEO complaint as the date of first contact.

2

(Doc. # 44-7, at 4.) Plaintiff later amended his EEO complaint to reflect a date of initial contact of September 23, 2015.[1] (Doc. # 44-7, at 8.)

To dispute the December 18 date, Plaintiff attached some phone records to his judicial complaint to show that he contacted EEO on September 23, 2015, just nine days following the denial of his accommodation requests. (Doc. # 1-1, at 9–13.) But there is no evidence of the content of those calls. In fact, Plaintiff could not remember whether he told EEO on September 23 that he intended to file an EEO complaint. (Doc. # 44-14, at 7.) Plaintiff's objection on this ground will be overruled. The Recommendation correctly concluded that Plaintiff failed to timely exhaust his administrative remedies by not contacting EEO to express an intent to file a complaint within 45 days of the denial of his accommodation request.

Plaintiff next objects to the Recommendation's conclusion that Plaintiff's request for reassignment to the Visitor Control Center (VCC) gate to perform National Crime Information Center (NCIC) checks was unreasonable because no such permanent position existed. But none of the facts Plaintiff cites calls that conclusion into question. It remains uncontradicted that, because of the random anti-terrorism measures (RAM) in place at Fort Rucker, there was no permanent position

---

[1] The amendment also lists June 3, 2015 as a date of initial contact. (Doc. # 44-7, at 8.) But June 3 occurred well before Plaintiff received a decision from Chief Brandon, and thus Plaintiff would have had no reason to state his intent to file a formal complaint on that date. (Doc. # 44-14, at 6.) Moreover, Plaintiff gives no explanation for these conflicting dates.

at the VCC gate performing NCIC checks.[2] And the Rehab Act "does not require employers to create new positions for employees with disabilities." *Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017) (citing *Sutton v. Lader*, 185 F.3d 1203, 1210–11 (11th Cir. 1999)). Plaintiff's objection on this point will thus be overruled. The Recommendation correctly found that Plaintiff's requested accommodation was unreasonable because Plaintiff's requested position did not exist.

Finally, Plaintiff objects to the Magistrate Judge's finding that Plaintiff could not be accommodated in his current position because it did not allow for a set meal time each day. Plaintiff merely references his brief in opposition to summary judgment and states that Defendant "never actually undertook the analysis" to determine whether he could have regular meals in his current position. (Doc. # 58, at 6.) But he cites nothing to contradict the Recommendation's finding that the Reasonable Accommodation Committee (RAC) met and discussed Plaintiff's request, considered Dr. Gilbert's opinion that Plaintiff needed a position that allowed for a daily set meal time, and then concluded that Plaintiff's security guard position did not make such an allowance. (Doc. # 55, at 13–14.) Plaintiff's objection will therefore be overruled. The Magistrate Judge correctly found that Plaintiff "could

---

[2] The RAM required Fort Rucker's security guards to rotate gates and shifts at irregular intervals. (Doc. # 55, at 6.)

not be accommodated in his current position because the security guard position did not allow for a scheduled meal time every day." (Doc. # 55, at 13–14.)

For these reasons, Plaintiff's objections will be overruled, the Recommendation adopted, and summary judgment granted in Defendant's favor.

It is ORDERED:

(1) Plaintiff's objections (Doc. # 58) are OVERRULED.

(2) The Magistrate Judge's Recommendation (Doc. # 55) is ADOPTED.

(2) Defendant's motion for summary judgment (Doc. # 42) is GRANTED.

A separate final judgment will be entered.

DONE this 7th day of May, 2019.

                                      /s/ W. Keith Watkins
                          UNITED STATES DISTRICT JUDGE